### LEWINE BROS. v. POTAR.

(Supreme Court, Appellate Term. February 4, 1907.)

TRIAL—DISMISSAL—GROUNDS—FAILURE OF PROOF TO CONSTITUTE CAUSE OF ACTION.

Plaintiffs alleged and proved that defendant had sold goods for them on commission under a contract whereby they were to advance him a specified sum per week, the same to be deducted from his commissions, and that defendant quit their employ, having had $562.61 advanced him over and above commissions earned by him. The answer alleged that plaintiffs attempted to reduce defendant's drawing account and refused to send him on the road so that he could earn the commissions with which to pay his drawing allowance, and that thereupon he left plaintiffs' employ. *Held*, that the court erred in dismissing the complaint at the close of plaintiffs' case on the ground that plaintiffs had not proved facts sufficient to constitute a cause of action.

Appeal from City Court of New York, Trial Term.

Action by Lewine Bros. against Harry Potar. From a judgment dismissing the complaint, and from an order denying a motion for a new trial, plaintiffs appeal. Reversed, and new trial granted.

Argued before GILDERSLEEVE, BLANCHARD, and DAYTON, JJ.

Werner & Fox (Sara Michaels, of counsel), for appellants.
Aaron A. Feinberg, for respondent.

GILDERSLEEVE, J. On or about April 11, 1903, plaintiffs and defendant entered into a written agreement by which defendant agreed to devote his time to selling plaintiffs' line of neckwear, and in con-

sideration of such sales made by him plaintiffs agreed to pay defendant a commission of 7 per cent. on all accepted orders on their 2.25 and 4.50 goods and 5 per cent. commission on such sales taken from goods plaintiffs wished to close out, "or in other words jobs," and 5 per cent. commission on all accepted orders sold on the road, and to further pay traveling expenses to defendant, while on the road, the same not to exceed $5 per day, and, furthermore, to advance said defendant $30 per week drawing account, the same to be deducted from such commissions to his credit at the time of settlements. Plaintiffs brought this action to recover $562.61, money advanced to defendant by plaintiffs under said contract.

It is the contention of plaintiffs as alleged in the complaint, that defendant had earned as commissions $549.39, but had drawn $1,112 from plaintiffs; that, when notified by plaintiffs that he had so overdrawn his account to the extent of $562.61, defendant left the employ of plaintiffs and refused to make good the amount overdrawn. The answer alleges that plaintiffs attempted to reduce defendant's drawing account, and refused to send defendant on the road, so that he could earn his commissions with which to pay his drawing allowance, and that thereupon defendant left plaintiffs' employment. On the trial defendant's counsel admitted that plaintiffs' figures as to the amount earned in commissions and the amount drawn by defendant were correct, and that the money advanced to defendant exceeded the commissions earned by him by $562.61, and, after plaintiffs had offered some testimony of an admission on the part of defendant that he owed plaintiffs between $200 and $300, the defendant's counsel moved to dismiss the complaint on the ground that plaintiffs had not proven facts sufficient to constitute a cause of action. This motion was granted, and the complaint was dismissed at the end of plaintiffs' case. Plaintiffs appeal.

As we have seen, the uncontradicted evidence shows that at the time defendant left plaintiffs' employ he had drawn $562.61 in excess of the amount earned by him as commissions, and no evidence was offered by defendant in justification of his abandonment of his employment, which abandonment is an admitted fact in the case. There is also an uncontradicted assertion under oath by one of the plaintiffs that defendant admitted to him that he owed plaintiffs between $200 and $300 and wanted to offer a settlement, which the plaintiffs refused to entertain. The action of the court in dismissing the complaint apparently was based upon the construction of the contract. In deciding this appeal, however, we deem it unnecessary to discuss that branch of the case. If defendant had established the allegations of his answer as to the causes of his abandonment of the employment, the issues might then have turned upon the proper construction to be given to the contract, and more especially to the provision that, "furthermore, Messrs. Lewine Bros. agree to advance to Mr. H. Potar $30 per week drawing account, same to be deducted from such commissions to his credit at the time of settlement." As the testimony stands, however, the defendant appears, as we have said, to have left plaintiffs' employ with a balance against him of $562.61, being the excess of the money drawn by him over and

above the commissions earned by him, and with an express admission on his part that he owed plaintiffs between $200 and $300. As the complaint was dismissed upon plaintiffs' evidence, not only must that evidence be accepted as true, but it is also entitled to all favorable inferences that can reasonably be drawn from it; and we think, upon the case presented, it was error for the court to dismiss the complaint.

The judgment and order must be reversed, and a new trial granted, with costs to appellants to abide the event. All concur.